Filed 3/26/13  In re S.P. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re S. P. , a Person Coming Under the Juvenile Court Law. | |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>G. B.,<br><br>    Defendant and Appellant. | C071955<br><br>(Super. Ct. No. JD231991) |

Appellant G. B., the mother of the minor S. P., appeals from the juvenile court's orders terminating her parental rights.  (Welf. & Inst. Code,[1] §§ 395, 366.26.)  She contends the trial court's denial of her request for a continuance of the selection and implementation hearing was an abuse of discretion.  We affirm.

---

[1]    Undesignated statutory references are to the Welfare and Institutions Code.

1

BACKGROUND

A protective custody warrant for the minor was issued in November 2011, 18 days after she was born.  Mother was diagnosed with schizoaffective disorder, tested positive for marijuana during a prenatal visit, lost her parental rights of the minor's half sibling due to domestic violence with the half sibling's father, and her mental health problems prevented her from caring for the minor.  The Sacramento County Department of Health and Human Services (department) filed a dependency petition later that month pursuant to section 300, subdivision (b) (failure to protect), and the minor was detained soon thereafter.  In December 2011, the department filed an amended petition alleging mother's mental health and substance abuse problems, as well as her child welfare history regarding the minor's half sibling.

In December 2011, mother was extradited to Las Vegas, Nevada, on an outstanding warrant for pandering.  Mother previously pled guilty to felony pandering in Nevada, and had been released on her own recognizance pending sentencing.[2]  She was sentenced to prison for a term of 19 to 48 months in March 2012.

The juvenile court sustained the amended petition and bypassed services pursuant to section 361.5, subdivision (e)(1) in March 2012.  The minor was placed with the maternal cousin.

The July 2012 selection and implementation report noted the minor appeared to be thriving in the maternal cousin's care.  The maternal cousin was cleared for criminal record and child welfare history and was willing to adopt.  The social worker was concerned over whether the maternal cousin, a single mother of a one and six year old, and a full-time student receiving assistance from Aid to Families with Dependent Children and one of her children's fathers, would be able to meet the financial

---

[2]     The case involved a 15-year-old victim, whom mother and her boyfriend met online, paid for her bus ticket to California, and was then held against her will.

requirements of the home study.  The minor was developmentally on track, and there were no concerns regarding her emotional or behavioral functioning.

At the selection and implementation hearing, mother's counsel said his only concern was if the maternal cousin "didn't pass an adoption home study it might be more appropriate to do guardianship with her since she's had the child since birth, so that would be my concern with going forward today."  Counsel stated he would enter general objections if the juvenile court was prepared to go forward that day.

Regarding mother's "suggestion that we should continue or proceed with a goal of legal guardianship instead of adoption," the juvenile court found the minor was "very young" and "imminently adoptable," rejected the request for a continuance, and terminated parental rights.

## DISCUSSION

Mother's sole contention is the juvenile court abused its discretion in denying her request for a continuance.[3]  We disagree.

The juvenile court is accorded broad discretion in determining whether to grant a continuance.  (*In re Gerald J.* (1991) 1 Cal.App.4th 1180, 1187.)  A continuance may not be granted if it is contrary to the interests of the minor.  (§ 352, subd. (a).)  "In considering the minor's interests, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements."  (§ 352, subd. (a).)  "The intent of the Legislature, especially with regard to young children, is that the dependency process proceed with deliberate speed and without undue delay. [Citations.]"  (*Marlene M. v. Superior Court* (2000) 80 Cal.App.4th 1139, 1151.)

---

[3]     Since the juvenile court treated mother's counsel's statement as a request for a continuance, we reject the department's contention that the claim is forfeited for failing to raise it first through a written motion in the juvenile court.

"Continuances are discouraged [citation] and we reverse an order denying a continuance only on a showing of an abuse of discretion. [Citation.]" (*In re Ninfa S.* (1998) 62 Cal.App.4th 808, 810-811.)

Mother asserts good cause for the continuance can be found in the relative caregiver exception to adoption, section 366.26, subdivision (c)(1)(A).[4] According to mother, the minor was thriving in the maternal cousin's care, and, having lived with her since she was four and one-half months old, was forming her "primary bonds" with the maternal cousin. Asserting there was "a very real possibility that [the maternal cousin] would be unable to adopt" the minor, mother claims a continuance was necessary to see if the relative caregiver exception could apply and thus prevent the minor from "being taken from the only home and only caregiver she had really known and placed with strangers."

Mother overlooks the fact that adoption is the legislatively preferred plan at this stage of dependency proceedings. (*In re Lorenzo* (1997) 54 Cal.App.4th 1330, 1344.) Where, as here, the minor, a healthy, developmentally on track infant, is generally adoptable, it was well within the juvenile court's discretion to deny a continuance and terminate parental rights. Mother did not raise the relative caregiver exception to adoption at the selection and implementation hearing. She was not entitled to a continuance attempt to develop an exception to adoption.

---

**4**     Section 366.26, subdivision (c)(1)(A) recognizes an exception to adoption when: "The child is living with a relative who is unable or unwilling to adopt the child because of circumstances that do not include an unwillingness to accept legal or financial responsibility for the child, but who is willing and capable of providing the child with a stable and permanent environment through legal guardianship,  and the removal of the child from the physical custody of his or her relative would be detrimental to the emotional well-being of the child."

DISPOSITION

The juvenile court's orders terminating parental rights are affirmed.

      ROBIE      , Acting P. J.

We concur:

      MURRAY      , J.

      DUARTE      , J.