Filed 4/10/13  In re Teresa N. CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re TERESA N., a Person Coming Under the Juvenile Court Law. | |
| | D062998 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. CJ001006) |
| v. | |
| A.N., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Laura J. Birkmeyer, Judge.  Affirmed.

A.N. appeals an order denying his motion for a continuance of the Welfare and Institutions Code[1] section 366.26 hearing concerning his daughter, Teresa N., and the order terminating his parental rights to Teresa.  He contends the court abused its

---

[1] Statutory references are to the Welfare and Institutions Code.

discretion by denying his request for a continuance and by not hearing his oral section 388 motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2011, nine-month-old Teresa was placed in protective custody when her parents, A.N. and T.F., violated a mutual restraining order that had been put into place after a domestic violence incident in March. The San Diego County Health and Human Services Agency (the Agency) petitioned on Teresa's behalf under section 300, subdivision (a), alleging she was at substantial risk of serious physical harm from domestic violence. The court named A.N. as Teresa's presumed father and ordered Teresa detained.

At the jurisdictional/dispositional hearing on August 8, 2011, the court found the allegations of the petition to be true, declared Teresa a dependent child of the court, removed custody from her parents and ordered her placed in foster care. A.N.'s court-ordered reunification plan included counseling, a domestic violence prevention program, parenting education, substance abuse services and supervised visitation. He was in and out of custody during the months of Teresa's dependency.

At the six-month review hearing in April 2012, the court terminated reunification services and set a section 366.26 hearing for August 15. The section 366.26 hearing was continued and finally took place on November 9, 2012. A.N. was incarcerated again by this time and he participated by telephone. At the hearing, his counsel requested a continuance to allow her to file a section 388 petition or that the court entertain an oral section 388 petition. A.N.'s counsel reported that one day earlier A.N. had contacted her

with information regarding his completion of a parenting class and an anger management program and of his participation in substance abuse treatment, and she had contacted the other counsel in the case to inform them she would be requesting a continuance. The court denied the motion and denied A.N.'s request to present an oral section 388 petition. It then considered the evidence and argument by counsel, and found Teresa was adoptable and no statutory exceptions were present to preclude adoption. It terminated parental rights and designated adoption as the permanent plan.

## DISCUSSION

A.N. contends the court abused its discretion by denying his request for a continuance of the section 366.26 hearing. He asserts he made a good cause showing that a continuance was appropriate. He also argues the court erred by not allowing him to present an oral section 388 petition.

The juvenile court may grant a continuance only on a showing of good cause. "[T]he court shall give substantial weight to a minor's need for prompt resolution of his or her custody status . . . ." (§ 352, subd. (a).) "Continuances are discouraged [citation] and we reverse an order denying a continuance only on a showing of an abuse of discretion [citation]." (*In re Ninfa S.* (1998) 62 Cal.App.4th 808, 810-811.)

Once a court terminates reunification services, the focus of the proceedings shifts from family reunification to the needs of the child for permanency and stability. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) The court "must recognize this shift of focus in determining the ultimate question before it, that is, the best interests of the child." (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317.)

3

A.N. has not shown an abuse of the court's discretion by the denial of the motion for a continuance. A.N. had adequate notice of the hearing. Counsel had been appointed for him in July 2011. In May 2012, he was served with notice of the section 366.26 hearing to be held on August 15, and he was informed that the Agency was recommending his parental rights be terminated. On August 15, the court granted the Agency's request for a continuance so T.F.'s counsel could locate and personally serve T.F. Then, at the continued hearing on September 25, the court granted A.N.'s attorney's motion for a continuance so A.N. could be produced from prison. By the time of the hearing on November 9, A.N. had had ample time to contact his counsel and to provide information about the services in which he was participating.

The court did not err by finding that delaying the hearing would not serve Teresa's best interests. Teresa was nine months old when she was first detained. By the time of the section 366.26 hearing, she was two years old and had spent much of her life in foster care. A.N.'s argument that his loving relationship with Teresa should be protected is not convincing. He had visited her only five times while she was in foster care and he had been in custody for much of her life. Although Teresa went to him easily the time she visited him in jail on September 15, 2011, and spent much of the visit with her head on his shoulder, it was reported that after the visit she cried more frequently, was afraid of the dark and afraid of being left alone. A.N. has not shown that he has a strong relationship with Teresa deserving of protection at the expense of delaying her permanency.

4

A.N. misplaces reliance on *In re B.C.* (2011) 192 Cal.App.4th 129, where the reviewing court held the juvenile court had abused its discretion by granting a mother's request for a continuance on the day set for the section 366.26 hearing. (*Id.* at p. 140.) In our view, contrary to A.N.'s argument, he is like the mother in *In re B.C.* and was attempting to make "a last-minute 'end-run' around an anticipated termination of parental rights." (*Id.* at p. 145.)

A.N. also has not shown the court erred by finding he had not sustained his burden to make a prima facie showing triggering a right to a full hearing on an oral section 388 petition.

To obtain the relief sought in a section 388 petition, the petitioner must show both a change of circumstances or new evidence and that the change sought is in the child's best interests. (§ 388; Cal. Rules of Court, rule 5.570(e)(1); *In re Michael B.* (1992) 8 Cal.App.4th 1698, 1703.) " ' "The parent need only make a prima facie showing to trigger the right to proceed by way of a full hearing." ' [Citations.]" (*In re Aljamie D.* (2000) 84 Cal.App.4th 424, 432.) "[I]f the petition presents *any* evidence that a hearing would promote the best interests of the child, the court must order the hearing." (*In re Angel B.* (2002) 97 Cal.App.4th 454, 461.) However, a last-minute filing of a section 388 petition just before a section 366.26 hearing is generally disfavored. (*In re Edward H.* (1996) 43 Cal.App.4th 584, 594.) Further, a "court is not required to entertain an oral motion under section 388 at the time set for the section 366.26 hearing." (*In re Baby Boy L.* (1994) 24 Cal.App.4th 596, 609.) A hearing on a last minute oral motion

5

could unnecessarily delay permanency for a child who is in need of a stable, permanent home.  (*Ibid.*)

A.N. waited until the eve of the hearing to provide information about his participation in services.  Moreover, as the court noted, the hearing had been delayed for some months and A.N.'s description of having completed parenting and anger management classes and participated in substance abuse treatment showed at most changing, not changed, circumstances, as required by the statute, and by the 18-month date, A.N. would still be in prison and unable to assume custody.  A.N. has not shown an abuse of the court's discretion.

## DISPOSITION

The orders are affirmed.


BENKE, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.


6