Filed 6/12/13  In re Joey H. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re JOEY H. et al, Persons Coming Under the Juvenile Court Law. | |
| | D063258 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. EJ3123A-B) |
| v. | |
| MICHELLE R., | |
| Defendant and Appellant. | |


APPEAL from orders of the Superior Court of San Diego County, Carol Isackson, Judge.  Affirmed.


William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.

Michelle R. appeals juvenile court orders made at a six-month review hearing and Welfare and Institutions Code,[1] section 388 hearing concerning her children, Joey H. and Kylie H. She contends insufficient evidence supports the court's finding that she was provided reasonable reunification services; the court abused its discretion by granting a 388, subdivision (c) petition by the San Diego County Health and Human Services Agency (the Agency) to terminate her reunification services; and the court abused its discretion and violated her due process rights by denying her request for a continuance of the hearing. We affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

Joey and Kylie first became dependent children of the juvenile court in July 2009 based on their father, E.H.'s, and Michelle's use of methamphetamine and histories of substance abuse. The children were placed together in a foster home. Michelle and E.H. participated in the services offered to them, including substance abuse treatment, parenting education and therapy. After Michelle completed residential treatment, the children were returned to her care. In March 2011, the court awarded custody to her and terminated jurisdiction.

---

[1]     Statutory references are to the Welfare and Institutions Code.

2

In March 2012, the Agency petitioned again under section 300, subdivision (b) on behalf of Joey and Kylie. The petitions alleged the family home contained a small baggy of amphetamine and drug paraphernalia within reach of the children, and Michelle admitted she was again using methamphetamine, alcohol and marijuana. The court found the allegations to be true, declared the children dependents of the court, ordered Michelle and E.H. to comply with the provisions of their case plans, and ordered the children placed with a nonrelative extended family member. The children were placed with the family who had cared for them during their first dependencies. In August 2012, the court granted the caregivers' request to be named the children's de facto parents.

Michelle had first used methamphetamine in 1995. She had lost custody of her first child to that child's father after she refused the services that were offered to help her deal with her substance abuse issues. When she met with the social worker in March 2012, she said she had resumed using methamphetamine again only 10 days earlier. She admitted drinking and using marijuana occasionally and said she had had domestic violence incidents with E.H. She wavered between saying she needed reunification services and saying she had already done services and they were not effective.

Michelle did not participate in her services plan and was terminated from Drug Court. In September, a felony burglary warrant was issued for her arrest. E.H. also was not participating in services.

On October 30, 2012, the Agency petitioned under section 388, subdivision (c), requesting that the court terminate reunification services and set a section 366.26 hearing. It later withdrew its petition with regard to E.H. because he appeared willing to engage in

3

services and was having unsupervised visits with the children. In December, Michelle's therapist reported Michelle had called him saying she wanted to stop therapy. He said she was either high on methamphetamine or having a psychotic episode. Michelle then missed an appointment to enter drug treatment.

At the six-month review hearing and hearing on the Agency's section 388, subdivision (c) petition on December 20, 2012, the court denied Michelle's counsel's requests to continue the hearing to allow Michelle to present information on her recent participation in Alcoholics Anonymous and Narcotics Anonymous (AA/NA) meetings. The court stated it would make provision for the information to be presented to the court if it were established that the information was reliable and shown to exist. During testimony, the social worker reported she had met with Michelle about four times and they had had numerous telephone conversations about Michelle's case plan. She said Michelle called her many times, sometimes as much as three times a day. She said Michelle was very argumentative, had trouble staying focused and had left yelling, threatening voice mail messages for the social worker. When Michelle was asked to stipulate to her claim that she had participated in substance abuse treatment in Los Angeles, she declined to do so.

After considering the evidence and argument by counsel, the court found Michelle and E.H. had been provided reasonable services. It granted the Agency's petition under section 388, subdivision (c) to terminate Michelle's services, continued services for E.H., and continued the children's placement.

4

DISCUSSION

I

Michelle contends there was not substantial evidence presented to support the finding she was provided reasonable reunification services. She argues the Agency did not correctly implement her reunification plan in that it did not provide adequate assistance with transportation, require enough drug testing, or properly address her mental health issues, and the social worker did not maintain sufficient communication with her.

In determining the sufficiency of reunification services the role of the appellate court is to decide "whether the record discloses substantial evidence which supports the juvenile court's finding that reasonable services were provided or offered." (*Angela S. v. Superior Court* (1995) 36 Cal.App.4th 758, 762.) The standard is not that the best possible services were provided, but that reasonable services were provided under the circumstances. (*In re Misako R.* (1991) 2 Cal.App.4th 538, 547.) "Reunification services are voluntary, and cannot be forced on an unwilling or indifferent parent." (*In re Jonathan R.* (1989) 211 Cal.App.3d. 1214, 1220.) A parent's problems do not excuse him or her from participation in a reunification plan. (*Angela S. v. Superior Court, supra,* 36 Cal.App.4th at p. 762.)

Substantial evidence supports the finding Michelle was offered or provided reasonable reunification services. During the children's previous dependency period, she was able to retain custody through her commitment and participation in residential drug treatment, Drug Court, parenting classes and therapy. She, thus, knew what she needed

5

to do in order to reunify.  After the children were removed this time, she was offered services with the primary objective of helping her stay free from substance abuse and provide adequate care for her children.  She was expected to complete a psychological evaluation, enroll in parenting education, meet with a substance abuse specialist and abide by all recommendations, have residential drug treatment, drug test, participate in therapy, and have regular visits with the children.  Michelle, however, did not work on the provisions of her reunification services, but continued to use drugs.

Michelle was offered opportunities to participate in all of the components of her services plan.  She was scheduled to have a psychological evaluation, but missed the appointments that were made and an evaluation was never completed.  She agreed to have in-home parenting instruction, but did not respond to voice mail messages left for her by the parenting instructor.  She did not meet with a substance abuse specialist as required, did not enroll in substance abuse treatment and did not complete clean drug tests.  As for her claims she needed more help with transportation, Michelle did not pick up bus tokens the social worker left for her.  The social worker explained Michelle was not eligible for a replacement compass card to assist with transportation because she was not participating in her services.

Although we agree it is best for a social worker to have regular, recurring communication with a parent, here there were significant impediments to the social

worker keeping in more continuous contact with Michelle.[2]  The social worker testified she believed she would be able to communicate effectively with Michelle only after Michelle became clean and sober and had assistance with her mental health issue.  She said when she called Michelle it was usually to address a narrow issue because during telephone calls Michelle easily got off track and repeated the same conversation over and over.  Such conversations were not helpful in assisting Michelle to begin to participate in and progress with the components of her reunification plan.  The social worker said she had not gone to Michelle's home because Michelle said she did not have a home, and she had not met in person with Michelle during two months of the case because Michelle did not have a reliable telephone number where she could be reached.  However, the social worker said that she tried to respond to Michelle's telephone calls promptly if Michelle had a specific request, and she had left many voice mail messages for Michelle. Although the social worker did not always have monthly meetings with Michelle, when we consider all of the evidence together, we conclude she kept adequate contact with Michelle and provided sufficient assistance.  Here, there was substantial evidence to support the finding Michelle was provided reasonable reunification services.

---

[2]     We note the court explored the issue of the social worker's and Michelle's communications by asking the social worker about her contacts with Michelle and questioning why she had not set up additional meetings.

7

Michelle asserts the court abused its discretion by granting the Agency's motion to terminate her services. She argues she showed she was likely to reunify because she had been visiting the children and was starting to participate in services.

When a juvenile court removes a child who is three years old or older from parental custody, the parents are generally entitled to 12 months of reunification services. (§§ 361.5, subd. (a)(1)(A), 366.21, subd. (f).) However, a party may petition under section 388, subdivision (c) for the court to terminate services before the 12-month date. Section 388, subdivisions (c)(1)(B) and (c)(3) provide the court shall terminate reunification services if it finds the action or inaction of the parent has created a substantial likelihood that reunification will not occur and that reasonable services were offered or provided. In making its determination, the court considers factors such as the parent's failure to visit the child or participate regularly and make substantive progress in a court-ordered treatment plan. (§ 388, subd. (c)(1)(B).) A court has discretion to terminate services for one parent even when ordering services for the other parent. (*In re Jesse W.* (2007) 157 Cal.App.4th 49, 58; *In re Alanna A.* (2005) 135 Cal.App.4th 555, 565; *In re Katelynn Y.* (2012) 209 Cal.App.4th 871, 880.)

The court did not abuse its discretion by terminating Michelle's reunification services. Reasonable services were offered and provided to Michelle, but she did not participate regularly in the court-ordered services offered to her. She had struggled with drug addiction for about 17 years and she drank alcohol and used marijuana. She did not meet with a substance abuse specialist or enroll in a treatment program as required by her

case plan. She requested a referral to Drug Court, but did not appear for the Drug Court hearings and was terminated from the program. Also, she did not successfully drug test.

Michelle agreed to have a psychological evaluation, contact her former therapist so that she could restart therapy and have in-home parenting training, but she did not follow up on these resources and did not return messages left for her. She did not show that she was starting to participate in her services plan. Michelle has not shown the court abused its discretion in terminating her reunification services.

Michelle also maintains the court abused its discretion and violated her rights to due process by denying her request for a continuance. She argues she showed good cause to continue the hearing because she needed time to produce proof she had participated and progressed in services, and the court denied her the right to present her case.

The juvenile court may grant a continuance only on a showing of good cause. "[T]he court shall give substantial weight to a minor's need for prompt resolution of his or her custody status . . . ." (§ 352, subd. (a).) "Continuances are discouraged [citation] and we reverse an order denying a continuance only on a showing of an abuse of discretion [citation]." (*In re Ninfa S.* (1998) 62 Cal.App.4th 808, 810-811.)

"[D]ue process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' [Citation.]" (*In re Melinda J.* (1991) 234 Cal.App.3d 1413, 1418.) "The essence of due process is fairness in the procedure employed . . . ." (*Ingrid E. v. Superior Court* (1999) 75 Cal.App.4th 751, 757.)

Michelle has not shown the court abused its discretion by denying her request for a continuance. Michelle's counsel made an oral motion to continue the hearing 15 minutes after the time set for the hearing to begin when Michelle had not yet arrived. After Michelle arrived, counsel again renewed the motion and explained Michelle said she had several months of NA/AA meeting slips that she wanted to submit, but she had not brought them to court. The court denied the request, but indicated the information could

be presented if it were shown to be reliable and to exist. Michelle, however, did not testify and she declined to stipulate to her claim she had participated in substance abuse treatment in a Los Angeles program. She had notice and an opportunity to be heard. She has not shown the court abused its discretion by denying her request for a continuance of the hearing and she has not shown a denial of due process.

DISPOSITION

The orders are affirmed.


HALLER, J.

WE CONCUR:


McCONNELL, P.J.


AARON, J.