Filed 10/30/14  In re R. G. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re R. G., IV, a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B254843 (Super. Ct. No. JV51436) ((San Luis Obispo County) |
| SAN LUIS OBISPO COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner and Respondent, v. RE. G., III, Respondent and Appellant. | |

Re. G., III  appeals a February 5, 2014 order terminating his parental rights and freeing his son, R. G., IV (R.), for adoption.  (Welf. & Inst. Code, § 366.26.)[1]  Before the trial court terminated parental rights, it denied appellant's section 388 petition for services.  Appellant contends that the trial court abused its discretion in not continuing the section 388 and section 366.26 hearings.  We affirm.

*Facts & Procedural History*

On February 7, 2013, San Luis Obispo County Department of Social Services (DSS) detained two-year old R. after his mother (Jamie L.) went on a three-day

---

[1] All statutory references are to the Welfare and Institutions Code.

drinking binge and was unable to care for herself or R. A roommate reported that mother tried to get R. to drink alcohol. Mother smelled strongly of alcohol, was combative, and was arrested for willful cruelty to a child.

DSS filed a dependency petition for failure to protect (§ 300, subd. (b)) and no provision for support (§ 300, subd. (g)), alleging that appellant had been convicted of domestic violence and was incarcerated at North Kern State Prison. After R. was born, mother had a violent, dysfunctional relationship with appellant. Appellant choked mother on two occasions, struck her face and body, and hit her hard on the back of head in the child's presence. The second choking incident resulted in appellant's conviction for corporal injury to a spouse and a 30 month prison sentence.

R. suffered significant developmental and emotional delays. He had no vocabulary, communicated through grunts and crying, and had trouble with transition and change. The foster mother reported that R. did not like to be approached by strangers, showed discomfort around men, and had a tendency to steal, overeat, and hide food. A social worker opined that the behaviors were consistent with a child who has experienced ongoing neglect.

Appellant refused to acknowledge the severity of the domestic violence and did not understand how his conduct resulted in R.'s foster care placement. Appellant had been recently diagnosed with schizophrenia with paranoid features and needed intense mental health treatment. DSS recommended no visitation because R. more than likely witnessed appellant's domestic violence and prison supervised visits would traumatize the child.

At the contested jurisdiction/disposition hearing, appellant's trial attorney advised the court that appellant would be released from prison in 10 to 11 months. The trial court bypassed services for appellant (§361.5, subd. (e)(1)) and ordered services for mother.

At the three month and six month review hearings, DSS reported that R. had made progress, was talking, and beginning to interact with adults. Mother was living at a women's shelter in Barstow but not following her case plan. After supervised visits,

2

R. refused to make eye contact, went back to shaking his head "no," and stopped playing with children. The social worker was concerned because R. 's play was mean and R. was holding food and drink in his mouth for 20 minutes before swallowing.

At the six month review hearing, DSS reported that mother stopped visiting R. in July 2013, quit her job, and dropped out of contact with her service providers. Mother told the social worker that she had met a man and "I need a man and that is important to me." It was uncontroverted that mother missed about six weeks of visits and was not participating in services. The trial court terminated services and set the matter for a permanent placement hearing.

On January 15, 2014, appellant appeared at the section 366.26 hearing and requested a contested hearing. Appellant expected to be released from prison in five days and asked for the February 5, 2014 hearing date. The trial court ordered appellant to appear on that date and asked if appellant had any questions. Appellant responded "Not right now." DSS opposed the petition on the ground that appellant had not visited R. since February 2013, and recommended that the trial court terminate parental rights. R. had made significant progress, was adoptable, and was closely bonded to his fost-adopt parents who were eager to adopt.

When appellant failed to appear on February 5, 2014, his attorney requested that the court continue the section 388 and 366.26 hearings. Counsel believed that appellant was in Barstow and had no transportation. Appellant "asked me to continue the matter. He did not leave a phone number so that I could call him back and discuss it. And I do not have a way to reach him. So on his behalf, I'm requesting a continuance." DSS objected to the continuance and argued that appellant left two messages with the social worker, never requested transportation, and failed to leave a contact number. The social worker confirmed that appellant was released from prison on January 20, 2014, and dropped out of contact.

Denying the continuance request, the trial court found that appellant had been personally served with notice, was aware of the hearing date, and knew that he had to appear and participate. The trial court heard argument on the section 388 petition and

denied the petition on the ground that there was no change of circumstances or showing that services were in the best interests of the minor. With respect to the 366.26 hearing, the trial court received DSS's report into evidence, found that R. was adoptable, and terminated parental rights.

### Motion to Continue

Appellant argues that the trial court abused its discretion in denying his request to continue the section 388 and section 366.26 hearings. Continuances are disfavored in dependency cases and may only be granted on a showing of good cause where the continuance is not contrary to the best interests of the child. (§ 352, subd, (a); Cal. Rules of Cour, rule 5.550(a); *Renee S. v. Superior Court* (1999) 76 Cal.App.4th 187, 196.) "In considering the minor's interests, 'the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements.' [Citation.]" (*In re A.B.* (2014) 225 Cal.App.4th 1358, 1366.) The trial court specially set the section 366.26 hearing to accommodate appellant. Appellant was ordered to appear for the February 5, 2014 hearing, twice called the social worker after he was released from prison, and left a message with his attorney with no call back number. If appellant was interested in the proceedings, he would have either appeared, left a call back number, or provided information about his whereabouts. The trial court reasonably concluded that further delays were not justified or in the child's best interests. (See e.g., *In re R.R.* (2010) 187 Cal.App.4th 1264, 1276-1277; (*In re Elijah V.* (2005) 127 Cal.App.4th 576, 585; *In re Ninfa S.* (1998) 62 Cal.App.4th 808, 810-811.) Appellant makes no showing that the court abused its discretion. (*In re Julian R.* (2009) 47 Cal.4th 487, 498-499 [juvenile court order presumed correct; appellant has burden to demonstrate error].)

Appellant claims that the trial court denied the section 388 petition without a hearing. This misstates the record. The court conducted a hearing on the petition and found no changed circumstances or evidentiary showing that reunification services was in R.'s best interests. By the time the section 388 petition was heard, R. had been in foster

4

care for almost a year.  The trial court did not err in denying the last minute request for services or in terminating parental rights.  "The reality is that childhood is brief; it does not wait while a parent rehabilitates himself or herself.  The nurturing required must be given by someone, at the time the child needs it, not when the parent is ready to give it." (*In re Debra M.* (1987) 189 Cal.App.3d 1032, 1038.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

Anne E. Fragasso, under appointment by the Court of Appeal, for Appellant.

Rita L. Neal, County Counsel, County of San Luis Obispo, Leslie H. Kraut, Deputy County Counsel, for Respondent.