[No. B114191. Second Dist., Div. One. Aug. 1, 1997.]

JEFF M., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES et al., Real Parties in Interest.

## COUNSEL

Wallin & Klarich and Paul J. Wallin for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

## OPINION

**THE COURT.**\*—As there is not a plain, speedy and adequate remedy at law, and in view of the fact that the issuance of an alternative writ would add

---

\*Before Spencer, P. J., Ortega, J., and Masterson, J.

nothing to the presentation already made, we deem this to be a proper case for the issuance of a peremptory writ of mandate "in the first instance." (Code Civ. Proc., § 1088; *Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218, 1222-1223 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].) Opposition was requested and the parties were notified of the court's intention to issue a peremptory writ. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) County counsel informed the clerk of this court by telephone that no response to the petition would be filed. We have read and considered the August 1, 1997, letter of respondent juvenile court.

More than one year ago, on July 24, 1996, the Los Angeles County Department of Children and Family Services filed a petition to declare Jessica M., born October 2, 1993, to be a dependent child pursuant to Welfare and Institutions Code[1] section 300. The petition alleges that the biological father, Jeff M. (father), sexually and emotionally abused Jessica. A detention hearing was held the next day. At that hearing, counsel for father may have waived the 30-day time limit for hearing the petition.[2] The next hearing was set for September 12, 1996. On that date, the juvenile court ordered the matter consolidated with the pending family law case and further ordered the matter to the courtroom of the presiding judge for a determination of whether the family law court or the juvenile court should handle the matter. On September 26, the matter was continued pursuant to stipulation of the parties. On October 16, the matter was continued, with the reason for the continuance given as "standard continuance." On November 12, the first judge disqualified himself, relieved the mother's attorney and the minor's attorney, and continued the matter, once again giving the reason as "standard continuance." On December 5, another judge set the adjudication hearing for January 12, 1997, giving the reason for the continuance as "standard continuance." The record presented to our court provides no January 12 minute order, but the January 23 hearing appears to have been continued due to illness of the children's services worker.[3] By then, the current judge was presiding over the matter. On January 27, respondent court continued the matter, on stipulation of the parties, to January 30 for adjudication. On January 30, the matter was continued to February 3 on stipulation of the parties. On February 3, the judge decided a discovery motion and then set the matter for adjudication for consecutive days, from April 16 through April

[1] Unless otherwise noted, all further references are to the Welfare and Institutions Code.

[2] Father was not present at that hearing. He states in a footnote in his petition that the minute orders do not reflect whether his previous attorney waived the 30-day time limit, failed to object to a continuance, or stipulated to a continuance.

[3] On that date, respondent court ordered the department to submit a report on the medical condition of the children's services worker.

25, all beginning at 8:30 a.m. On April 16, the matter was reset for April 17 at 1:30 p.m. On April 17, it was reset for six consecutive days, commencing on April 18. Opening statements were heard on April 18. Because the department's counsel was ill, the matter was continued for a few days. One witness testified on April 23. On that date, the matter was continued to April 29. On April 29, the matter was continued to April 30. On April 30 the same witness continued her testimony. In the record before us, there is no May 1 minute order, but on May 2 the matter was continued to May 5. On May 5, the matter was again set for consecutive days, commencing on May 13. On May 13, due to the illness of the judge, the matter was continued to May 14. The judge was still ill on that day, so the matter was trailed to May 16. On May 16, the matter was continued to May 19. Due to the judge's illness and hospitalization, the matter was trailed to May 21 by stipulation of the parties. We have no record of the May 21 hearing. On June 3, counsel stipulated to trail the matter to June 24, at the request of father's counsel to facilitate "more preparation time."

At the June 19 hearing, father's counsel informed the court that, during its absence, he had tried to obtain an agreement among counsel as to dates to recommence trial. He also reminded the court that, in April, the court had told the parties that it intended to give the matter priority and would set aside time every day for trial to proceed. Respondent court reminded counsel that he had been extremely ill for six weeks and hospitalized for part of that time. The judge returned to his courtroom duties contrary to his doctor's orders to remain in bed until June 23 and not return to work before June 28. Father's counsel responded that other matters assigned to the judge were handled by another jurist and requested that the matter be expedited. The judge replied that he tried to set the matter on a long cause calendar, but was unsuccessful. The judge further pointed out that two hours is the maximum amount of time per day allocated for any matter. The matter was set for resumption of trial on June 24, when it was reset for adjudication on August 4. The adjudication hearing has not yet been completed.

## DISCUSSION

■ It is clear that the statutory scheme and the rules supporting the statutes require that petitions under section 300 be heard and decided rapidly. The petition must be set for hearing within 30 days of the date that it is filed. (§ 334 ["Upon the filing of the petition, the clerk of the juvenile court shall set the same for hearing within 30 days . . . ."]; Cal. Rules of Court, rule 1447(a) ["If the child is not detained, the clerk shall, upon the filing of the petition, set the petition to be heard, and the hearing shall be begun within 30 calendar days from the date the petition is filed."].)

Continuances should be difficult to obtain. (See *In re Sean E.* (1992) 3 Cal.App.4th 1594, 1599 [5 Cal.Rptr.2d 193]; *In re Emily L.* (1989) 212 Cal.App.3d 734, 743 [260 Cal.Rptr. 810].) Section 352 provides, in pertinent part: "(a) Upon request of counsel for the parent, guardian, minor, or petitioner, the court may continue any hearing under this chapter beyond the time limit within which the hearing is otherwise required to be held, provided that *no continuance shall be granted that is contrary to the interest of the minor. In considering the minor's interests, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements.* [¶] *Continuances shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing on the motion for the continuance.* Neither a stipulation between counsel nor the convenience of the parties is in and of itself a good cause. Further, neither a pending criminal prosecution nor family law matter shall be considered in and of itself as good cause. Whenever any continuance is granted, the facts proven which require the continuance shall be entered upon the minutes of the court. [¶] In order to obtain a motion for a continuance of the hearing, written notice shall be filed at least two court days prior to the date set for hearing, together with affidavits or declarations detailing specific facts showing that a continuance is necessary, unless the court for good cause entertains an oral motion for continuance. [¶] . . . [¶] (c) In any case in which the parent, guardian, or minor is represented by counsel and no objection is made to an order continuing any such hearing beyond the time limit within which the hearing is otherwise required to be held, the absence of such an objection shall be deemed a consent to the continuance. The consent does not affect the requirements of subdivision (a)." (Italics added.)

California Rules of Court, rule 1422(a), provides additional restrictions on continuances granted under section 352: "(1) The court *shall not continue a hearing beyond the time set by statute unless the court determines the continuance is not contrary to the interests of the child. In considering the child's interests, the court shall give substantial weight to a child's needs for stability and prompt resolution of custody status, and the damage of prolonged temporary placements.* [¶] (2) *Continuances shall be granted only on a showing of good cause, and only for the time shown to be necessary. Stipulation between counsel of parties, convenience of parties, and pending criminal or family law matters are not in and of themselves good cause.* [¶] . . . [¶] (4) In order to obtain a continuance, written notice with supporting documents shall be filed and served on all parties at least two court days prior to the date set for hearing, unless the court finds good cause for hearing an oral motion. [¶] (5) The court shall state in its order the facts requiring any continuance that is granted." (Italics added.)

Violation of these restrictions requires the court to dismiss the entire petition. (Cal. Rules of Court, rule 1447(d) ["Absent a continuance granted under section 352 or a time waiver by the parties, when a jurisdiction hearing is not begun within the time limits of subdivision (a) [30 days] . . . , the court shall order the petition dismissed."].)

We are mindful that juvenile court judges, while diligent and caring, are overworked and doing their best to juggle ever-increasing caseloads while suffering grossly inadequate resources. The current judge in this case, alone, handles a daily calendar of 40 to 50 cases, including 4 or 5 trials designated as "no time waiver" cases because the minors are detained outside the home.

While each division of the court is vitally important to the litigants and to society, there is no division of greater importance than the juvenile court, which deals with the sensitive parent-child relationship and the potential of horrendous damage to children.

We recognize that the court, faced with an ongoing dilemma, may have decided that two hours per day on this matter was the best way to balance the needs of this family against the needs of other families. Here the minor is residing in her mother's home and has regular, albeit monitored, visitation with her father, while in other cases the minors are detained away from one or both parents. Balancing is laudable under these circumstances, but is contrary to the direct requirements of the statutory scheme.

Until the executive branch and Legislature address this alarming situation and provide essential resources, we are compelled to issues orders such as these, requiring the court to give this case priority until the within matter is completed.

Accordingly, we order the juvenile court to conduct trial every court day, all day, without further continuances in the absence of good cause,[4] until trial is concluded and the matter is fully adjudicated.

## DISPOSITION

THEREFORE, let a peremptory writ issue, commanding respondent superior court to conduct trial in Los Angeles Superior Court case No. CK23623,

---

[4]While illness of the judge, counsel or the parties constitutes good cause, court congestion, standing alone, is not good cause.

entitled In the Matter of Jessica M., every court day, all day, without further continuances except for good cause, until trial is concluded and the matter is fully adjudicated.

In all other respects, the petition is denied. All parties shall bear their own costs.