[No. C033472. Third Dist. Nov. 10, 1999.]

RENEE S., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Real Party in Interest.

## COUNSEL

Michael Borkowski for Petitioner.

No appearance for Respondent.

Robert A. Ryan, Jr., County Counsel, and Kathryn A. Shurtleff, Deputy County Counsel, for Real Party in Interest.

## OPINION

**BLEASE, Acting P. J.**—In this writ of mandate proceeding we conclude the juvenile court may be compelled to conduct a jurisdiction hearing in dependency proceedings on consecutive court days until conclusion, absent a showing of exceptional circumstances justifying a continuance of the hearing.

As will become clear, we need not issue the writ in this case. However, because the practice that gave rise to this case appears to be widespread we will reach the merits of the proceeding to resolve a compelling legal issue of widespread importance.

### FACTS AND PROCEDURE

Petitioner Renee S. is the mother of Joseph, Brandon, and Ricky, who are the subjects of three petitions filed on June 7, 1999, pursuant to section 300 of the Welfare and Institutions Code.[1] On June 3, 1999, real party in interest, Sacramento County Department of Health and Human Services (DHHS), detained the minors because petitioner allegedly sexually molested Joseph.

---

[1]Further undesignated statutory references are to the Welfare and Institutions Code.

Brandon and Ricky allegedly have stated they do not believe petitioner committed the acts alleged in the petitions, and believe Joseph may not be telling the truth.[2]

The detention hearing commenced on June 8, 1999, and concluded on June 11, with the detention of the minors. The minors were placed in confidential foster care. *The parties did not waive the time requirements for the jurisdiction hearing, which respondent juvenile court scheduled for June 29, 1999.*

On June 29, 1999, the juvenile court granted a request by counsel for the father of the minor to be relieved due to a conflict and, over petitioner's objection, ordered the jurisdiction hearing continued until July 22, 1999.[3] Thereafter, the court conducted pretrial proceedings. On July 22, the court stated that its policy was to conduct contested jurisdiction hearings on Thursdays and Fridays. Moreover, the court indicated that, due to its scheduled vacation time, it would not be available on some upcoming Thursdays and Fridays.

Counsel for petitioner asked the juvenile court to transfer the proceedings to another court, in order that the jurisdiction hearing could be conducted on a day-to-day basis. The court denied the request. Counsel then asked the court to conduct the jurisdiction hearing on a daily basis until its completion. Counsel predicted the hearing would consume "multiple days" of trial time.

In considering counsel's request, the juvenile court acknowledged it would be on vacation for "a couple weeks" in August. Counsel for the father told the court that counsel was unavailable for much of August. The court indicated that, due to calendar assignments on Mondays, Tuesdays, and Wednesdays, most counsel would be unable to be present at the jurisdiction hearing if it were conducted on a day-to-day basis.

Both counsel for the father and counsel for Joseph stated that, if the court transferred the case or ordered it tried on successive days, neither counsel would be available. Counsel for Joseph also stated her husband was having surgery and she had vacation days scheduled for September 2 and 3. Counsel for Brandon and Ricky then advised the court he would be on paternity leave for two weeks in September.

The juvenile court rejected petitioner's request to conduct the jurisdiction hearing on a continuous basis. In doing so, the court stated its belief that it

[2]The section 300 petitions are not contained in the record.
[3]The father of the minors is not involved in this proceeding.

was not compelled to do so by *Jeff M.* v. *Superior Court* (1997) 56 Cal.App.4th 1238 [66 Cal.Rptr.2d 343], on which petitioner had relied in making her argument. The court expressed its belief that, "under all the circumstances that this court operates under, that we're pretty reasonable." The court also opined that the proposed day-to-day approach was "just an unrealistic expectation for use and not reasonable." Acknowledging the rights of minors and parents to have jurisdiction hearings conducted "as quickly as possible," the court stated it would continue to adhere to its approach of conducting contested proceedings on Thursdays and Fridays.

The juvenile court continued the jurisdiction hearing until July 29.[4] On that date, the court heard the testimony of two witnesses. The court continued the hearing until the next day. On July 30, the court heard the testimony of one witness. At the conclusion of that hearing, petitioner objected to a proposed continuance until August 26. In response, the court noted petitioner's previous objection and cited its scheduled vacation and one planned by counsel for the father as reasons for the continuance.

On August 26, 1999, the hearing resumed, with one witness testifying. The court continued the hearing for the next day. On August 27, the court heard the testimony of another witness and entered various orders. The matter was continued until September 23. Petitioner submitted a prospective witness list containing the names of six individuals, none of whom had testified yet.

On July 26, 1999, petitioner sought extraordinary relief in this court. Citing the lack of an adequate record, we denied the writ petition the following day. Thereafter, on August 25, 1999, petitioner again sought writ relief from this court, including a request for a stay of further proceedings.

On August 27, 1999, this court issued an alternative writ of mandate, but denied the request for a stay of the hearing. We directed respondent juvenile court to conduct the jurisdiction hearing on a day-to-day basis, pursuant to *Jeff M.* v. *Superior Court, supra,* 56 Cal.App.4th 1238, or to dismiss the section 300 petitions, absent a showing of good cause for any continuance made under section 352. Alternatively, we ordered respondent court to show cause why it had not done so and why the relief sought by petitioner should not be granted. On September 7, DHHS filed its return to the writ.

On September 8, 1999, the juvenile court stated its intention to proceed with a combined jurisdiction and disposition hearing on a continuous basis,

---

[4]At various times, the court's minute orders referred to the hearing as a "jurisdictional/dispositional hearing." We understand the practice in Sacramento County is to conduct a jurisdiction hearing and then a disposition hearing immediately afterward.

beginning the next day. However, finding good cause, the court granted motions by counsel for real party and the minors for another continuance and rescheduled the hearing for September 20 in another department of the superior court. On September 23, 1999, respondent court concluded the jurisdiction hearing, ruling the evidence was insufficient to sustain the petitions. The court then terminated the proceeding.[5]

### DISCUSSION

### A.

■ At the outset we consider a threshold issue of mootness. The underlying dependency proceeding has concluded and the minors returned to parental custody. Petitioner urges us to proceed to the merits, citing a "compelling legal issue of widespread importance . . . ."

Petitioner contends "[t]he issue in this case is whether the [juvenile] court can systematically deny timely hearings in . . . section 300 cases by intentionally setting them for dates the trial court's calendar does not allow for evidentiary jurisdictional hearings and then without good cause continuing the case to a Thursday hearing date for the taking of evidence." Real party in interest, on the other hand, argues the matter is now moot.

According to petitioner, this "issue is widespread and urgent because the record shows Sacramento County only allows trials in section 300 cases on Thursday and Friday, clearly in violation of the Code and *Jeff M*. v. *Superior Court* . . . ." We agree with petitioner. The record suggests the practice in respondent juvenile court is to conduct hearings only on Thursdays and Fridays, with continuances granted on a regular basis that lack a showing of good cause or exceptional circumstances, as required by law. Such a policy likely will cause delays in future proceedings that run afoul of statutory requirements. In order to provide guidance to the juvenile court in future matters, it is appropriate for this court to resolve the issues raised in this petition notwithstanding the conclusion of the underlying matter. (*In re Jeanette H.* (1990) 225 Cal.App.3d 25, 30 [275 Cal.Rptr. 9].)

### B.

■ We turn to the merits of this proceeding. As tendered to this court, petitioner asserted the minors are living in three different foster homes, and did not visit with each other until August 12, 1999. Arguing that at its

---

[5]We take judicial notice of the minute order of respondent court reflecting the dismissal of the proceeding. (Evid. Code, §§ 452, subd. (d)(1), 459.)

present pace the hearing probably will not conclude until sometime in November or December, petitioner claims "[w]rit relief is essential to avoid this unconscionable delay in this case and in likely hundreds of other such cases pending in Sacramento County."

In its return to the alternative writ, DHHS argues that *Jeff M.* v. *Superior Court, supra*, 56 Cal.App.4th 1238 is not dispositive of this proceeding. Noting that the jurisdiction hearing in that case had been continued for more than a year, DHHS claims the hearing in this case is "moving forward," and was "being heard in a timely manner." According to DHHS, there is no authority upon which we may direct the juvenile courts to conduct hearings on a day-to-day basis, and it avers such a requirement would be "very burdensome."

## C.

The juvenile court has the power to "control all proceedings during the hearings with a view to the expeditious and effective ascertainment of the jurisdictional facts and the ascertainment of all information relative to the present condition and future welfare of the person upon whose behalf the petition is brought." (§ 350.) The dependency system seeks to keep to a minimum the amount of potential detriment to a minor resulting from court delay. (*In re Sean E.* (1992) 3 Cal.App.4th 1594, 1597 [5 Cal.Rptr.2d 193].) "[D]elay disserves the interests of the minor, the parents, and the courts, and is clearly inconsistent with the intent of the Legislature." (*In re Taya C.* (1991) 2 Cal.App.4th 1, 8 [2 Cal.Rptr.2d 810].)

The emphasis on timely adjudication of dependency proceedings is reflected in various statutory provisions. For example, where a minor has been detained and the jurisdiction hearing is pending, that case "shall be granted precedence on the calendar of the court for the day on which the case is set for hearing." (§ 345.) The hearing must be set for detained minors within 15 days from the order of detention. (§ 334; Cal. Rules of Court, rule 1447(d).)

After the juvenile court finds jurisdiction over the minor, it may continue the disposition hearing for no more than 10 days in the case of a detained minor. (§ 358, subd. (a)(1); see also Cal. Rules of Court, rule 1451(a).)

The Legislature has recognized the existence of "tension between the timely resolution of dependency cases and the thoughtful exercise of judicial discretion." (*In re Sean E., supra*, 3 Cal.App.4th at p. 1599.) In some cases the necessity for some delay may be unavoidable. (*Ibid.*) However, the discretion of the juvenile court is limited by the general time constraints governing dependency hearings. (*Id.* at p. 1598, fn. 4.)

Section 352 is the primary statute governing continuances in dependency cases. It states:

"(a) Upon request of counsel for the parent, guardian, minor, or petitioner, the court may continue any hearing under this chapter beyond the time limit within which the hearing is otherwise required to be held, provided that no continuance shall be granted that is contrary to the interest of the minor. In considering the minor's interests, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements.

"Continuances shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing on the motion for the continuance. Neither a stipulation between counsel nor the convenience of the parties is in and of itself a good cause. Further, neither a pending criminal prosecution nor family law matter shall be considered in and of itself as good cause. Whenever any continuance is granted, the facts proven which require the continuance shall be entered upon the minutes of the court.

"In order to obtain a motion for a continuance of the hearing, written notice shall be filed at least two court days prior to the date set for hearing, together with affidavits or declarations detailing specific facts showing that a continuance is necessary, unless the court for good cause entertains an oral motion for continuance.

"(b) Notwithstanding any other provision of law, if a minor has been removed from the parents' or guardians' custody, no continuance shall be granted that would result in the dispositional hearing, held pursuant to Section 361, being completed longer than 60 days after the hearing at which the minor was ordered removed or detained, unless the court finds that there are exceptional circumstances requiring such a continuance. The facts supporting such a continuance shall be entered upon the minutes of the court. In no event shall the court grant continuances that would cause the hearing pursuant to Section 361 to be completed more than six months after the hearing pursuant to Section 319.

"(c) In any case in which the parent, guardian, or minor is represented by counsel and no objection is made to an order continuing any such hearing beyond the time limit within which the hearing is otherwise required to be held, the absence of such an objection shall be deemed a consent to the continuance. The consent does not affect the requirements of subdivision (a)." (See also Cal. Rules of Court, rule 1422(a).)

In *In re Richard H.* (1991) 234 Cal.App.3d 1351, 1361 [285 Cal.Rptr. 917], the jurisdiction hearing was not held until almost nine months after the minors were detained and the disposition hearing was not held until nearly a year after detention and more than fifty days after the jurisdiction hearing. In affirming the judgment, the Court of Appeal held there is no requirement that the petition be dismissed if the time limits are not satisfied. (*Id.* at p. 1362.) The court concluded the limitations contained in subdivision (b) of section 352 "are not mandatory in the jurisdictional sense." (234 Cal.App.3d at p. 1362.)

Petitioner relies primarily on *Jeff M.* v. *Superior Court, supra,* 56 Cal.App.4th 1238. The juvenile court had continued the jurisdiction hearing for more than a year after the filing of the petition. (*Id.* at pp. 1240-1241.) The reasons for the numerous continuances included illnesses of various persons, among them the judge, and the inability of the court to set the matter on the long cause calendar. (*Ibid.*)

The Court of Appeal granted the father's petition for a writ of mandate, ordering the juvenile court to conduct the jurisdiction hearing without additional continuances until the hearing was concluded. (*Jeff M.* v. *Superior Court, supra,* 56 Cal.App.4th at pp. 1243-1244.) Citing sections 334 and 352, the court observed that section 300 petitions should be adjudicated rapidly and continuances should be difficult to obtain. (56 Cal.App.4th at pp. 1241-1242.)

The court recognized the difficulties faced by the juvenile court in coping with rising caseloads and inadequate resources, but also was mindful of the statutory mandate and the best interests of the participants in the dependency system. The court stated: "We are mindful that juvenile court judges, while diligent and caring, are overworked and doing their best to juggle ever-increasing caseloads while suffering grossly inadequate resources. The current judge in this case, alone, handles a daily calendar of 40 to 50 cases, including 4 or 5 trials designated as 'no time waiver' cases because the minors are detained outside the home. [¶] While each division of the court is vitally important to the litigants and to society, there is no division of greater importance than the juvenile court, which deals with the sensitive parent-child relationship and the potential of horrendous damage to children. [¶] We recognize that the court, faced with an ongoing dilemma, may have decided that two hours per day on this matter was the best way to balance the needs of this family against the needs of other families. Here the minor is residing in her mother's home and has regular, albeit monitored, visitation with her father, while in other cases the minors are detained away from one or both parents. Balancing is laudable under these circumstances, but is contrary to the direct requirements of the statutory scheme. [¶] Until the executive

branch and Legislature address this alarming situation and provide essential resources, we are compelled to issues [*sic*] orders such as these, requiring the court to give this case priority until the within matter is completed." (*Jeff M.* v. *Superior Court, supra,* 56 Cal.App.4th at p. 1243.)

The court ordered the juvenile court to "conduct trial every court day, <u>all day</u>, without further continuances in the absence of good cause, until trial is concluded . . . ." (*Jeff M.* v. *Superior Court, supra,* 56 Cal.App.4th at p. 1243, underscoring in original, fn. omitted.)

Section 352 contains a number of limitations on the juvenile court's power to grant continuances of dependency proceedings. First, pursuant to subdivision (a), the court may not grant a continuance that is contrary to the interests of the minor, which are delineated in the statute. Moreover, to obtain a continuance, counsel for a party must show good cause exists and the continuance may be only for the period of time justified by the evidence proffered in support of the good cause showing. If the court grants a continuance, it must state in the record the facts proven in support of the continuance. (*In re Sean E., supra,* 3 Cal.App.4th at p. 1598, fn. 4.)

Subdivision (b) of section 352 contains two specific overall restrictions on the exercise of discretion by a juvenile court to grant continuances. First, *unless* the court finds exceptional circumstances requiring one, it shall not grant a continuance that would result in the disposition hearing being completed longer than 60 days after the detention hearing. Further, the court may not, under any circumstances, grant continuances that would cause the disposition hearing to be completed more than six months after the detention hearing.

In this case, respondent juvenile court acknowledged the interests of participants in the dependency system to have jurisdiction hearings adjudicated in a timely manner. The court even expressed some reservations about its policy of conducting contested hearings on Thursdays and Fridays only. To its credit, the court was not willing to base its scheduling of the hearing solely on the various schedules of counsel for the other parties.

This matter is a difficult one, but its resolution is a matter of legislative mandate. Here, the Legislature has directed that, absent a showing of exceptional circumstances justifying a continuance, the adjudicatory phase of dependency proceedings must be concluded within a narrow time frame, ordinarily within no more than 60 days of detention. (§ 352, subd. (b).)

■ In construing statutory enactments, we look first to the words of the sections to effectuate the purpose of the law. (*Gooch* v. *Hendrix* (1993) 5

Cal.4th 266, 282 [19 Cal.Rptr.2d 712, 851 P.2d 1321].) The wisdom of statutes is a matter for the Legislature, not for the courts. (*Smith* v. *Anderson* (1967) 67 Cal.2d 635, 645 [63 Cal.Rptr. 391, 433 P.2d 183].) In dependency matters such as this one, where the minors are living apart from their parents, it is particularly important that the validity of allegations justifying a temporary separation be adjudicated as quickly as possible. If they are not, and eventually the allegations are determined to lack merit, the relationship between the parents and the minors may be damaged severely. If that happens, the prospects for eventual reunification of the family are bleak.

### D.

Here, when the juvenile court continued the combined jurisdiction and disposition hearing from July 30 until August 26 over the objection of petitioner, no possibility existed that the hearing would be completed within 60 days of the June 11 detention hearing. Subdivision (b) of section 352 requires a showing of exceptional circumstances and a court finding in the record to justify such a continuance. The minute order of the July 30 hearing is bereft of any such finding.

DHHS does not attempt to justify the July 30 continuance on the ground that vacation plans constitute extraordinary circumstances. We think such a possible justification for a continuance would be akin to court congestion, which the court in *Jeff M.* v. *Superior Court, supra,* rejected as good cause for delay. (56 Cal.App.4th at p. 1243, fn. 4.)[6] Instead, DHHS suggests that, because the delay in *Jeff M.* was of a more extreme nature than the delay in this case, which DHHS avers is proceeding apace, the rationale of *Jeff M.* does not apply here.

It is true the delay in this case did not appear to be approaching the same order of magnitude as that found in *Jeff M.* But the rationale of that case is no less applicable here. The juvenile court *must* ensure that the hearing is adjudicated and concluded, under ordinary circumstances, within 60 days of detention. That mandate may mean, when setting a trial date, that the court is obliged to transfer the matter immediately to another department where, as here, it knew there would be periods of time when the court or counsel would not be available. It also may mean substitution of counsel where it is apparent one or more counsel is unavailable.

We agree with DHHS there is no specific statutory provision requiring dependency proceedings to be heard on a day-to-day basis. However, the

---

[6]By its express terms, section 352 bars continuances solely for the convenience of the parties, which presumably would include vacation plans. (§ 352, subd. (a).)

juvenile court *is* required to give calendar preference to such proceedings. (§ 345.) Moreover, subdivision (b) of section 352 imposes strict maximum time limits within which the disposition hearing must be completed. Under some compelling circumstances, it may be an appropriate method, in order to lessen any additional delays for the court, to conduct a jurisdiction and disposition hearing on a continuous basis until it is concluded.

Under the extraordinary circumstances present in this case, we think trial on a continuous basis was warranted. Although it has concluded, the matter extended well past the 60-day limit, with no proper showing made to justify the delays.[7] More fundamentally, this case involved allegations of an extremely serious nature. It was apparent from the outset that numerous witnesses would be called to testify, both by DHHS and by petitioner, consuming many days of testimony. At one time, petitioner's estimate for completion of the adjudicatory phase was November or December. On this record, that simply was too long to satisfy statutory requirements.

This case presents a dramatic example of the vital importance of timeliness in the early stages of dependency proceedings. The petitions were filed in early June 1999, and the minors were detained. It was not until late September that the matter was finally concluded with a finding that the petitions were not meritorious. Thus, for nearly one-third of this year, petitioner's family was split apart and doubtless the relationships among family members damaged. DHHS can and must do better.

## DISPOSITION

The petition for writ of mandate is denied. The alternative writ, having served its purpose, is discharged.

Davis, J., and Raye, J., concurred.

---

[7]DHHS suggests petitioner's counsel was responsible for some portion of the delays. The record does not support that claim.