Filed 2/2/22  In re Elizabeth L. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re ELIZABETH L., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>S.S.,<br><br>    Defendant and Appellant. | G060619<br><br>(Super. Ct. No. 19DP1104)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Robert Gerard, Judge.  Affirmed.

Melissa A. Chaitin, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Jeannie Su, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

\*        \*        \*

The Orange County juvenile court terminated the parental rights of S.S. (mother) and J.L. (father) as to Elizabeth L. (the child), after presiding over a selection and implementation hearing. (See Welf. & Inst. Code, § 366.26.)[1]

Mother's sole contention on appeal is that the juvenile court abused its discretion by denying her motion to continue the hearing. (§ 352.) We disagree and affirm the court's order terminating mother's parental rights.

I

FACTS AND PROCEDURAL BACKGROUND[2]

In September 2019, mother gave birth to the child. Mother tested positive for opiates and cocaine. The child experienced severe symptoms of withdrawal. Father also had an unresolved problem with substance abuse. The Orange County Social Services Agency (SSA) filed a juvenile dependency petition.

In October 2019, the juvenile court declared the child a dependent of the court and ordered reunification services. The court placed the child in the care and custody of her paternal grandparents (where she remained throughout the dependency proceedings). During the next 18 months or so, the parents maintained visitations with the child, but they participated minimally in their reunification services. Mother rarely called in for her drug tests and did not show up for any of them. Mother was discharged from her substance abuse program because she went 30 days with no contact.

In June 2021, SSA filed a section 366.26 report in advance of a noticed hearing. SSA recommended the juvenile court terminate parental rights and find the child suitable for adoption. The paternal grandparents wished to adopt the child and were "dedicated to caring for the child throughout her life."

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

[2] This section is abbreviated given the narrowness of the only issue on appeal.

In July 2021, the juvenile court conducted the section 366.26 hearing. Mother and father were not personally present. The court denied their requests for a continuance, terminated parental rights, and approved a permanent plan of adoption (the section 366.26 hearing will be covered in detail in the discussion portion of this opinion).

Mother filed an appeal challenging the juvenile court's order terminating her parental rights; father did not file an appeal.

II

DISCUSSION

Mother contends the juvenile court abused its discretion by denying her request for a continuance of the section 366.26 hearing. In this part of the opinion, we will: A) state general principles of applicable law; B) review the relevant portions of the section 366.26 hearing; and C) analyze the law as applied to the relevant facts.

A. *General Principles of Law*

"Upon request of counsel for the parent, guardian, minor, or petitioner, the court may continue any hearing under this chapter beyond the time limit within which the hearing is otherwise required to be held, provided that a continuance shall not be granted that is contrary to the interest of the minor. In considering the minor's interests, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements." (§ 352, subd. (a)(1).)

"Continuances shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing on the motion for the continuance. Neither a stipulation between counsel nor the convenience of the parties is in and of itself a good cause. Further, neither a pending criminal prosecution nor family law matter shall be considered in and of itself as good

3

cause. Whenever any continuance is granted, the facts proven which require the continuance shall be entered upon the minutes of the court." (§ 352, subd. (a)(2).)

"In order to obtain a motion for a continuance of the hearing, written notice shall be filed at least two court days prior to the date set for hearing, together with affidavits or declarations detailing specific facts showing that a continuance is necessary, unless the court for good cause entertains an oral motion for continuance." (§ 352, subd. (a)(3).) "What constitutes good cause is a matter within the court's discretion, and its determination will be reversed only if that discretion is abused." (*People v. Cole* (2008) 165 Cal.App.4th Supp. 1, 16-17.)

We review a juvenile court's decision to deny a continuance under section 352 for an abuse of discretion. (*In re Karla C.* (2003) 113 Cal.App.4th 166, 179-180.) "Discretion is abused when a decision is arbitrary, capricious or patently absurd and results in a manifest miscarriage of justice." (*Ibid.*)

"The juvenile dependency statutory scheme requires that petitions under section 300 be heard, and decided rapidly. [Citation.] Continuances are discouraged." (*In re Axsana S.* (2000) 78 Cal.App.4th 262, 272, disapproved on other grounds *In re Jesusa V.* (2004) 32 Cal.4th 588, 624, fn. 12.) "Continuances should be difficult to obtain." (*Jeff M. v. Superior Court* (1997) 56 Cal.App.4th 1238, 1242.)

## B. The Section 366.26 Hearing

On the afternoon of July 28, 2021, the juvenile court began the section 366.26 hearing. Mother's counsel, Sami Saati, said: "Mother is not present before the court. I am appearing before the court in person. At the appropriate time, I would request to be heard." Father's counsel said father was also not present, father was in disagreement with the termination of parental rights, and counsel asked for "additional time to continue my efforts to secure his presence before the court." The court then heard oral argument from Mr. Saati as to his motion:

4

"MR. SAATI: Thank you, your honor. I was in communication and have been in communication with mother . . . today as early as this morning. As I represented to the court, I am not authorized to appear on behalf of mother for today's proceeding. She likewise is not in agreement with the recommendation.

"She wanted to have the opportunity to testify and describe the bond that she believes she and [the child] share and the specific contours of that bond and how she believes termination of parental rights, if the court were inclined to adopt the [SSA] recommendation, would otherwise be detrimental to [the child].

"At approximately 8:30 a.m. this morning, [mother] advised me that she was attempting to come to court and had also been able to get a bed for a treatment center. And I'm not sure what has transpired in the interim giving rise to her not being present at this time. On information and belief, approximately two weeks ago, mother had advised me she and father were both ill.

"I don't know if this is an extension of that. But on those grounds, I would also move for a brief continuance not to exceed five days given the nature of the recommendation, and I believe that parental participation in these proceedings, given the gravity of the recommendation, would otherwise be beneficial and should be encouraged. On that, I would submit.

"THE COURT: All right. Thank you, Mr. Saati.

"The court appreciates both counsel for mother and counsel for father's positions. Some slight factual differences in the reasons that they are not here, but the fact remains is that this matter was appropriately noticed and calendared, and they, in fact, are not here. And while the court appreciates that, as recently as 8:30 this morning, Mr. Saati at least was in contact with mom, she isn't here. And there's no specific reason that's been given for her not being here. And likewise with the dad, there is no specific reason.

"The court would also note, and we'll get to whether it comes into evidence or not in a moment, that in the report dated July 20th of this year at page 3, the parents have at least, for all practical purposes, essentially had, in the dad's case, a zero compliance rate on his substance abuse testing, and mom has had a six percent call-in compliance rate. So the court does find that the motions to continue, while slightly different for mom and for dad, do not rise to the level of good cause required. And that's the court's indicated ruling."

Counsel offered no further arguments, and the juvenile court formally denied the parents' motions to continue. After hearing argument from the parents' respective counsel regarding the parental bond exception to adoption, the court found the exception did not apply: "All right. The court is very sensitive to the parental bond issue and the parental benefit exception of .26. And the court's ruling today might be different if the minor was older and the relationship had continued on for a longer period of time. But from a day-to-day safety and care perspective, the parental grandparents have essentially played the role of parents."

The juvenile court found it likely the child would be adopted by her paternal grandparents and terminated parental rights.

## C. Analysis and Application

At the start of the section 366.26 hearing, mother's counsel asked for a continuance because mother was not present. The juvenile court provided counsel with a fair opportunity to present any evidence and oral argument in support of his motion. Although mother had communicated with counsel earlier that day, counsel offered no justification for mother's absence from the section 366.26 hearing. That is, counsel did not offer any "specific facts" demonstrating why a continuance was necessary. (See § 352, subd. (a)(3).) Indeed, the court found it significant "there's no specific reason that's been given for [mother] not being here."

6

Given the ready availability of modern communications, mother's cited history of not making her appointments (for substance abuse testing), and the overriding interests in the timeliness in juvenile dependency matters, we conclude the juvenile court's ruling was not arbitrary or capricious. Further, while we recognize other courts may have come to a different decision, we cannot say the court's denial of mother's motion to continue the hearing in this case was such "that no reasonable person could agree with it." (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

In short, we find no abuse of the juvenile court's discretion.

Mother argues the juvenile court's denial of her motion to continue "resulted in the denial of mother's due process right to present testimony at the section 366.26 hearing." We disagree.

Due process ordinarily requires that before a government entity deprives a person of life, liberty or property, that person must be given notice and an opportunity to be heard. (*In re B. G.* (1974) 11 Cal.3d 679, 688-689 ["Since the interest of a parent in the companionship, care, custody, and management of his children is a compelling one, ranked among the most basic of civil rights [citations], the state, before depriving a parent of this interest, must afford him adequate notice and an opportunity to be heard"].)

In this case, there is no dispute mother received notice of the section 366.26 hearing; mother's counsel confirmed she was aware of the hearing. And as far as mother's opportunity to be heard, as county counsel succinctly stated in his briefing: "The scheduled evidentiary .26 hearing was [mother's] opportunity to be heard, including testifying if she desired. Thus a meaningful opportunity to be heard was fully offered to her; she declined it by not showing up for it."

Mother also argues "the juvenile court abused its discretion when it denied counsel's request for a very brief continuance for mother to testify regarding the pertinent and relevant factors the juvenile court may consider in deciding whether to terminate

7

parental rights, i.e., the parent-child relationship exception to the termination of parental rights."  Again, we disagree.

Mother's legal citations on this point are largely inapposite.  They involve situations where a juvenile court prevented a parent *from testifying* at a hearing, despite the parent's presence at the hearing.  (See, e.g., *In re J.S.* (2017) 10 Cal.App.5th 1071, 1080-1081 [mother appeared at section 366.26 hearing, but court refused to permit her to testify regarding potential sibling bond exception to termination of parental rights]; *In re Clifton V.* (2001) 93 Cal.App.4th 1400, 1406 [juvenile court erred by precluding mother's live testimony at section 366.26 hearing].)

Here, there is no indication the juvenile court would have precluded mother from testifying about the parental bond exception had she appeared at the section 366.26 hearing.  In any event, the court gave mother's counsel the opportunity to argue the exception, and the court said it was "very sensitive to the parental bond issue" prior to making its thoughtful ruling, which mother does not challenge in this appeal.

Thus, mother's arguments do not alter our conclusion:  the juvenile court did not abuse of discretion by denying mother's request for a continuance.

III

DISPOSITION

The juvenile court's order terminating parental rights is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


FYBEL, J.


GOETHALS, J.