Filed 2/13/24  In re Kenneth S. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re KENNETH S. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, | E081299 |
| v. | (Super.Ct.Nos. J293009, J293010,) J293011) |
| N.A. et al., Defendants and Respondents; | OPINION |
| KENNETH S. et al., Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Dismissed.

Marisa L.D. Conroy, under appointment by the Court of Appeal, for Appellants Kenneth S. et al.

Tom Bunton, County Counsel, and Joseph R. Barrell, Deputy County Counsel for Plaintiff and Respondent.

1

Tracy M. De Soto, under appointment by the Court of Appeal, for Defendant and Respondent, Robert S.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Respondent, N.A.

The juvenile court took jurisdiction over Kenneth S. after the one-month-old infant suffered a fractured femur while in the care of his parents, N.A. (Mother) and Robert S. (Father). The court also took jurisdiction over Kenneth's half-sisters, T.B. and Trinity B. The children appeal, arguing that the court erred by finding not true allegations of severe physical abuse. (Welf. & Inst. Code, § 300, subd. (e); unlabeled statutory citations refer to this code.) They also argue that the court erred by ordering reunification services for Mother.

While this appeal was pending, the court returned all of the children to Mother's custody and terminated jurisdiction. In light of those events, we conclude that the appeal is moot. We accordingly dismiss the appeal.

BACKGROUND

This case began in April 2022, when CFS received a referral alleging physical abuse by the parents. Mother and Father had taken Kenneth to the hospital, where he was diagnosed with a broken femur. Three-year-old T.B. and two-year-old Trinity were staying with family.

A forensic pediatrician who examined Kenneth stated that the child's fracture was the result of someone violently bending or twisting his leg, causing the bone to snap into two pieces. According to the doctor, the medical findings were consistent with physical abuse.

Initially, neither parent could explain how Kenneth broke his femur. But Mother eventually explained that when she was putting lotion on Kenneth, she flipped him from his back to his stomach by grabbing his ankle and rotating it. The movement caused the child's legs to cross and his hips and shoulders to rotate. Mother said that the incident must have caused the broken femur, and she did not intentionally injure Kenneth. Both parents believed that Kenneth might have a genetic bone disorder.

San Bernardino County Children and Family Services (CFS) filed petitions with respect to each of the three children. Kenneth's petition alleged that he fell within subdivisions (a), (b), and (e) of section 300. In substance, the petition alleged that (1) Mother and Father physically abused Kenneth, and (2) both parents had substance abuse issues. T.B.'s and Trinity's petitions alleged that they fell within subdivisions (a), (b), and (g) of section 300. Specifically, the petitions alleged that (1) the parents' abuse of Kenneth placed the children at substantial risk of similar harm or abuse, (2) Mother had substance abuse issues, and (3) the girls' father (M.B.) left them without any provision for support. (M.B. is not a party to this appeal.)

The court continued the jurisdiction and disposition hearing numerous times so that additional medical testing could be completed, medical records could be obtained, and experts could offer written opinions. The contested hearing occurred on two days in December 2022 and March 2023.

The juvenile court found not true the allegations against both parents that Kenneth suffered severe physical abuse under subdivision (e) of section 300. The court also found not true the allegations that the parents had substance abuse issues and all of the remaining allegations against Father. As for the allegations against Mother under subdivisions (a) and (b) of section 300, the court amended them and found them true as amended. It also found true the section 300, subdivision (g), allegation that M.B. had left Trinity and T.B. without any provision for support, and his location was unknown.

The court declared all three children dependents of the court, removed them from Mother's custody, and ordered reunification services for Mother. The court also removed T.B. and Trinity from M.B. and placed the children in CFS's custody. It placed Kenneth in Father's custody on the condition that Mother not live in the home, and it ordered family maintenance services for Father.

The children filed their notice of appeal in May 2023. At a review hearing in July 2023, the court returned all three children to Mother's custody and scheduled a semiannual review hearing. (Kenneth remained in Father's custody.) At the review hearing in January 2024, the court dismissed the petitions and terminated jurisdiction

4

over all three children. The court found that the parents had completed the case plan and that the conditions justifying dependency jurisdiction no longer existed.[1]

## DISCUSSION

Courts are tasked with deciding actual controversies by a judgment that can be carried into effect. (*In re D.P.* (2023) 14 Cal.5th 266, 276.) Generally, it is not our duty to render opinions on moot questions or abstract propositions. (*Ibid.*) An appeal becomes moot when events make it impossible for us to grant the appellant any effective relief. (*Ibid.*) "For relief to be 'effective,'" the appellant "must complain of an ongoing harm," and "the harm must be redressable or capable of being rectified by the outcome the [appellant] seeks." (*Ibid.*)

When an appeal is moot, we nevertheless have discretion to reach the merits of the dispute. (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.) We may exercise that discretion if the case presents an issue of broad public interest that is likely to recur and evade review. (*Ibid.*; *Conservatorship of Wendland* (2001) 26 Cal.4th 519, 524, fn. 1.)

This appeal is moot. Even if the juvenile court erred by finding not true the allegations of severe physical abuse and ordering reunification services for Mother, a reversal of the jurisdictional finding and dispositional orders would not affect the outcome of the proceedings. The juvenile court's subsequent orders returned the children

---

[1] We granted Mother's request for judicial notice of the July 2023 minute orders and invited the parties to file supplemental briefs regarding mootness. Mother filed a second request for judicial notice on January 29, 2024, and Father joined in that request. We grant the second request and take judicial notice of the juvenile court's January 2024 minute orders terminating jurisdiction, which are attached to the second request as Exhibit A.

to both parents and terminated jurisdiction, superseding the challenged findings and orders. Mother has reunified with the children, Father maintained custody of Kenneth, and the court found that the conditions justifying the initial assumption of jurisdiction no longer exist. In light of the subsequent orders and incorporated findings, it is impossible for us to grant the children any effective relief.

The children and CFS nevertheless urge us to reach the merits of the appeal. They contend that the court misinterpreted subdivision (e) of section 300 and the relevant bypass provision (§ 361.5, subd. (b)(6)), issues that are of broad public interest and likely to recur. We are not persuaded. First, there is no reason to believe that the claimed misinterpretations of the statutes are recurring issues in the juvenile courts, as opposed to one-off erroneous interpretations. (See *Renee S. v. Superior Court* (1999) 76 Cal.App.4th 187, 192 [exercising discretion to reach a moot issue because the record demonstrated that the challenged practice was widespread in the county's juvenile courts].) Second, assuming that the claimed misinterpretations are likely to recur, there is no showing that the issues are likely to evade review in the future. (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1054 [declining to decide moot issues when no party demonstrated that the issues were likely to recur and no party contended that the issues would evade review].) Countless published decisions involve review of juvenile courts' jurisdictional findings and dispositional orders. We consequently have no reason to doubt that if the claimed errors recur, then the appellate courts will be able to address them in a case that is not moot.

DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.