Filed 4/29/25  S.F. v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| S.F.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,<br><br>    Respondent;<br><br>SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>    Real Party in Interest. | E085980<br><br>(Super.Ct.No. J304196)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Annemarie G. Pace, Judge.  Petition granted.

Thomas E. Shinton, for Petitioner.

No appearance for Respondent.

Tom Bunton, County Counsel, and David Guardado, Deputy County Counsel, for Real Party in Interest.

1

INTRODUCTION

Petitioner filed a petition for writ of mandate seeking an order directing the Juvenile Division of the San Bernardino County Superior Court (respondent court) to conduct a jurisdictional hearing within 15 judicial days as required by Welfare and Institutions Code[1] that includes the taking of evidence. This court invited a response from respondent court and real party in interest San Bernardino County Department of Children and Family Services (RPI) on an expedited basis, notifying the parties that we were considering issuing a peremptory writ in the first instance pursuant to *Palma v. U.S. Industrial Fasteners*, *Inc.* (1984) 36 Cal.3d 171, 178 (*Palma*). Having received and considered RPI's response, along with the petition and exhibits filed by petitioner, we determine it appropriate to issue a peremptory writ in the first instance.

FACTUAL AND PROCEDURAL HISTORY

Minor child J.A. was removed from petitioner's custody via a detention warrant, and a dependency petition alleging abuse of J.A. by petitioner was filed in respondent court. A detention hearing was held on April 14, 2025, at which time petitioner denied the allegations in the petition and filed written objections to a jurisdictional hearing being set any later than the statutory timeframe set forth in section 334. The juvenile court set a jurisdictional hearing for May 5, 2025, in compliance with the statute, and petitioner requested that the social worker involved in the case be available on that date to testify. The court told petitioner that it would only " 'receive the social worker's report regarding

---

[1]  Further undesignated statutory references are to the Welfare and Institutions Code.

jurisdiction' " on that date, and indicated the hearing would not be a contested or evidentiary hearing. Petitioner formally objected to the court's designation of May 5 as a non-evidentiary hearing date, then sought relief in this court. Petitioner was not able to obtain a copy of the transcripts of the hearing prior to filing the petition, but her counsel submitted a declaration fairly setting forth the proceedings. (Cal. Rules of Court, rule 8.486(b).) Although RPI does not affirm or concede the facts as set forth, it assumes them to be a true and accurate representation of the events that occurred.

DISCUSSION

As a threshold matter, we find a petition for writ of mandate may be used to raise a claim that the juvenile court failed to hold a timely hearing pursuant to section 300. (See *Jeff M. v. Superior Court* (1997) 56 Cal.App.4th 1238 (*Jeff M.*); *Renee S. v. Superior Court* (1999) 76 Cal.App.4th 187 (*Renee S.*).) Recognizing that peremptory writs in the first instance are to be used sparingly, and only in cases where a petitioner's right to relief is clear and the accelerated procedures set forth in *Palma* are necessary, we conclude such relief is appropriate here, as petitioner's claim states a prima facie case, the nature of the claim necessitates that we act with urgency and there is no adequate remedy at law. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; *Jeff M.*, at pp. 1239-1240.)

Next, in considering the petition on its merits, it appears some form of relief is required. Section 334 states that where a minor has been detained in custody, the hearing on the petition "must be set . . . within 15 judicial days from the date of the order . . . directing such detention." (§ 334.) In this case, the juvenile court set a

3

jurisdictional hearing for May 5, 2025, within the statutory timeframe. However, there is no dispute that respondent court indicated to the parties that it would only receive the social worker's report and would not take any testimonial evidence at the May 5th hearing.

That the jurisdictional hearing was intended to be an evidentiary hearing is supported by the language of section 355. That provision directs the juvenile court at a jurisdictional hearing to "first consider only the question whether the minor is a person described in section 300." It further states that "[a]ny legally admissible evidence that is relevant to the circumstances or acts that are alleged to bring the minor within the jurisdiction of the juvenile court is admissible and may be received in evidence." (§ 355, subd. (a).) The report prepared by the county welfare office is admissible, and the person who prepared the report "shall be made available for cross-examination upon a timely request by a party." (§ 355, subd. (b)(2).)

Here, petitioner made a timely request to elicit testimony from the social worker at the jurisdictional hearing, but the court indicated it would not take evidence. Thus, the May 5th hearing set by the court was in effect a status-type hearing rather than the required evidentiary jurisdictional hearing.

Clearly, as RPI argues, the juvenile court has the power to control its proceedings and has discretion under section 352 to continue a jurisdictional hearing upon a finding of good cause. (*Renee S.*, *supra*, 76 Cal.App.4th at pp. 193-194; §§ 350, 352.) We also recognize that a good cause showing may be made on May 5th allowing the court to

4

continue the hearing without taking evidence.  Absent such a showing, though, the juvenile court's discretion is limited by statutory time constraints.  (*Renee S.*, at p. 193.)  In this case, there is no indication the court's setting of a non-evidentiary hearing on May 5th, with the apparent intent of continuing the hearing to another date at which evidence would be presented, was based on any finding of good cause.

As other courts before us have recognized, we understand that juvenile courts "are overworked and doing their best to juggle ever-increasing caseloads while suffering grossly inadequate resources." (*Jeff M.*, *supra*, 56 Cal.App.4t at p. 1243; see *Renee S.*, *supra*, 76 Cal.App.4th at pp. 195-197.)  However, given the importance of resolving dependency proceedings quickly, the law provides little flexibility.

DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to conduct a jurisdictional hearing on May 5, 2025, that is consistent with section 355 and this opinion, unless the court finds good cause to continue the hearing as set forth in section 352.  All parties shall bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ  
                 P. J.

We concur:

McKINSTER  
      J.

RAPHAEL  
      J.