Filed 3/9/26  Cruz v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| HENRY CRUZ, | |
| Petitioner, | E087707 |
| v. | (Super.Ct.No. FAMSB2508517) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| CARMEN CRUZ, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Dina Issam Amani, Judge.  Petition granted.

Johnson and Shinton, P.C.; Thomas E. Shinton, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

INTRODUCTION

We have considered the petition for writ of mandate and exhibits filed by petitioner seeking an order directing the San Bernardino County Superior Court (respondent court) to vacate its order continuing the Domestic Violence Restraining Order hearing to May 14, 2026, and set a hearing within the timeframe required by Family Code[1] section 242, subdivision (a). This court invited a response from respondent court and Real Party in Interest on an expedited basis, notifying the parties that we were considering issuing a peremptory writ in the first instance pursuant to *Palma v. US. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178 (*Palma*). Having received no response, we determine it appropriate to issue a peremptory writ in the first instance.

FACTUAL AND PROCEDURAL HISTORY

On December 31, 2025, RPI filed a Request for Domestic Violence Restraining Order (DVRO). On January 12, 2026, the court issued an amended Temporary Restraining Order (TRO) removing petitioner from the family residence and granting him supervised visitation with his children. At the January 12 hearing, petitioner appeared with counsel, accepted service, and requested an immediate trial, expressly refusing to waive time.

The trial court continued the hearing—keeping the January 12, 2026, temporary orders in effect—to May 14, 15, and 28, 2026. Petitioner objected, stating that a DVRO case is a priority, and the court replied that everything on calendar was a priority, and that the court was backed up until May with "DVs or ongoing trials." The court offered May 14 as the earliest date for trial on its calendar. Petitioner filed the instant petition on January

---

[1] Further undesignated statutory references are to the Family Code.

2

26, 2026, along with a request for judicial notice of printouts of Department S-48's calendar from the San Bernardino Superior Court's public "Court Access Portal" listing nine separate dates prior to May 14, 2026, where non-domestic violence matters are scheduled to be heard.

DISCUSSION

Recognizing that peremptory writs in the first instance are to be used sparingly, and only in cases where a petitioner's right to relief is clear and the accelerated procedures set forth in *Palma* are necessary, we conclude such relief is appropriate here, as petitioner's claim states a prima facie case, the nature of the claim necessitates that we act with urgency, and there is no adequate remedy at law. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)

"A hearing on the DVRO request must typically be held within 21 to 25 days from the date a DVTRO is granted or denied. (Fam. Code, § 242, subd. (a).) However, the respondent 'shall be entitled' to one continuance (*id.*, § 245, subd. (a)), and the trial court additionally 'may,' on a written or oral request of either party or on the court's own motion, continue the hearing for good cause. (*id.*, subd. (b)). If the hearing is continued, any DVTRO that has been issued will remain in effect until the end of the continued hearing, unless otherwise ordered by the court (*id.*, subd. (c))." (*Malinowski v. Martin* (2023) 93 Cal.App.5th 681, 691.) Section 244, subdivision (b), states that "[t]he hearing on the petition shall be set for trial at the earliest possible date and shall take precedence over all other matters, except older matters of the same character, and matters to which special precedence may be given by law." (§ 244, subd. (b).)

In this case, the record reflects that the court continued the hearing on its own motion. We therefore review the court's finding of good cause for the continuance for abuse of discretion. (See *J.T. v. W.T.* (2020) 46 Cal.App.5th 1136, 1140.) While there is no case law interpreting the standard of review on a finding of "good cause" under section 242, in other contexts, court congestion alone has not been found to be good cause to continue a hearing beyond a statutory deadline. (See *Jeff M. v. Superior Ct.* (1997) 56 Cal.App.4th 1238, 1243, fn. 4, *as modified* (Aug. 5, 1997) [child dependency proceedings]; *Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 782 [criminal trial].) Though these cases are not controlling, they are persuasive and would appear to apply to cases such as this one, wherein petitioner's fundamental rights are implicated and where the continuance substantially delays a hearing on the validity of an order restraining petitioner from living at his house and having custodial time with his children.

Here, the court declared that May 14, 2026, was the earliest date available because all hearings on its calendar were "DVs or ongoing trials." There appears to be no other basis for the court's four-month continuance of the matter beyond the statutory period than congestion of the court calendar,

Section 244 requires that the hearing on a DVRO "shall be set for trial at the earliest possible date and shall take precedence over all other matters, except older matters of the same character, and matters to which special precedence may be given by law." (§ 244.) In this case, the public calendars presented by petitioner for Department S-48 of respondent

court[2] for the dates of February 13, 2026; February 17, 2026; March 2, 2026; March 16, 2026; April 10, 2026; April 13, 2026; April 21, 2026; April 24, 2026; and May 1, 2026 lend some support to petitioner's contention that not every matter on calendar is a DVRO hearing or ongoing trial.  While the trial court is entitled to broad discretion in the calendaring of its cases and determination of good cause to continue hearings in such matters, the facts here do not support a finding that the hearing was scheduled for the earliest possible date or that good cause existed to continue the matter for four months. Although we are sympathetic to the ever-increasing burden on the courts to manage unwieldy calendars, the law requires that petitioner be afforded a timely hearing regarding his ongoing restraint, and we are left with little flexibility in this case.

---

   [2]  Through a previous order, we have taken judicial notice of the submitted printouts under Evidence Code, section 452, subdivision (d), official records.  (See *People v. Mendoza* (2015) 241 Cal.App.4th 764, 773, fn. 1.)  Although we do not consider the records for the truth of their factual assertions, we may judicially notice their existence, content, and authenticity.  (*Dominguez v. Bonta* (2022) 87 Cal.App.5th 389, 400.)

DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order continuing the Domestic Violence Restraining Order hearing to May 14, 2026, and conduct a hearing that is consistent with sections 242, 244, and this opinion.  All parties shall bear their own costs.

RAMIREZ
P. J.


We concur:

MILLER
J.
CODRINGTON
J.